UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS RONALDO AYALA CAJINA, (A-240-654-745),<br><br>Petitioner,<br><br>v.<br><br>MINGA WOFFORD, et al.,<br><br>Respondents. | No. 1:25-cv-01566 AC<br><br><u>ORDER</u> |

Petitioner, a former federal immigration detainee proceeding through counsel, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 while he was detained by the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 1. The case is presently before the undersigned pursuant to the consent of the parties. ECF No. 16. In November 2025, after the Honorable Dale A. Drozd granted petitioner's motion for a temporary restraining order ("TRO") and ordered respondents to release petitioner from custody subject to conditions (ECF No. 11), petitioner filed a motion to convert the TRO into a preliminary injunction. ECF No. 14. For the reasons discussed below, the Court GRANTS the habeas petition (ECF No. 1) and orders that the injunctive relief previously granted by the court become permanent. Because a permanent injunction is being granted, the motion for a preliminary injunction (ECF No. 14) will be denied as moot.

I. Factual and Procedural History Background

Petitioner is a native of Nicaragua who entered the United States without inspection and was detained by immigration officers on March 19, 2022. ECF No. 20-1 at 2-3. Petitioner was issued a notice from the Department of Homeland Security ("DHS") that he was inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). Id. at 4. He was subsequently released on an Order of Release on Recognizance on March 20, 2022. Id. at 4; ECF Nos. 20-2, 20-3. Despite petitioner's subsequent compliance with the conditions of his release, including the Intensive Supervision Appearance Program ("ISAP") which required him to wear an ankle monitor, petitioner was re-detained by immigration officers at his ICE check-in on September 10, 2025, apparently because of a recent arrest for traffic infractions. ECF No. 20-4 at 3-4. He has no other criminal history. Petitioner was served with an administrative warrant and transferred to the Mesa Verde ICE Processing Center. ECF No. 1 at 10-11.

On November 14, 2025, petitioner filed the pending habeas petition (ECF No. 1) along with a motion for a TRO directing respondents to release him from custody or provide a bond hearing (ECF No. 2). The petition asserts that petitioner's detention violates his due process rights under the Fifth Amendment Due Process Clause, as well as the Immigration and Nationality Act. ECF No. 1 at 41-42.

Judge Drozd issued a briefing order on November 17, 2025, directing a response to the motion for temporary restraining order. ECF No. 5. In their response, respondents argued the motion for temporary restraining order and preliminary injunction should be denied because petitioner entered the United States illegally without inspection, and as a result, he is an "applicant for admission" who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2). ECF No. 9 at 3. Because petitioner has never been admitted to the United States, respondents asked the court to deny the TRO because petitioner was unlikely to prevail on the merits of his habeas petition. Id.

By order dated November 21, 2025, Judge Drozd applied the factors from Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) to determine whether petitioner satisfied his burden and a TRO was appropriate. ECF No. 11. In analyzing the most important Winter factor,

likelihood of success on the merits, Judge Drozd found that petitioner acquired a liberty interest in his continued freedom when DHS elected to release him in March 2022. Id. at 5. Because petitioner had a liberty interest in his continued release regardless of the applicable detention scheme, Judge Drozd did not need to determine whether section 1225 or section 1226 governed petitioner's detention. Id. at 6. Judge Drozd also applied the balancing test from Mathews v. Eldridge, 424 U.S. 319, 335 (1976) to evaluate what process is constitutionally required. With respect to the first factor, "the private interest that will be affected by the official action," Judge Drozd concluded that petitioner has a strong private interest in his continued release, particularly because immigration officers made multiple periodic determinations that petitioner posed neither a flight risk nor a danger and there were no "changed circumstances" between the latest determination in June 2025 and petitioner's arrest on September 10, 2025. Id. at 6. As to the second factor, Judge Drozd found the risk of erroneous deprivation of petitioner's interest is high without a pre-detention bond or custody redetermination hearing. Id. at 7-8. Finally, Judge Drozd found the government's interest in re-detaining petitioner without a pre-detention custody hearing was "only negligible," and respondents "have made no argument that its interest in detaining petitioner outweighs the cost of providing the additional process to which petitioner is due." Id. at 8. Accordingly, Judge Drozd found that petitioner would likely succeed on the merits of his procedural due process claim that his re-detention without a pre-detention hearing before a neutral adjudicator was unlawful, and it was unnecessary to address whether petitioner is likely to succeed on the merits of his statutory claim. Id.

With respect to the remaining Winter factors, Judge Drozd also found that petitioner would suffer irreparable harm from the deprivation of his due process rights and the balance of equities and public interest weigh in petitioner's favor. Id. at 9. As a result, Judge Drozd granted petitioner's motion for a TRO for immediate release subject to the same conditions petitioner was subject to prior to his September 10, 2025 detention. Id. at 10. Respondents were also enjoined and restrained from re-detaining petitioner without providing notice and a pre-detention hearing before an immigration judge at which respondents would have the burden to demonstrate that petitioner is a danger to the community or a flight risk. Id. The parties were directed to submit a

proposed briefing schedule with respect to any motion for preliminary injunction within two weeks. Id.

Petitioner filed the pending motion for preliminary injunction (ECF No. 14), which respondents opposed (ECF No. 15), on January 9, 2026. Because the standard for a preliminary injunction "mirrors the standard that he already met for the TRO," petitioner "moves to convert the TRO into a preliminary injunction" and asks the court issue an order enjoining and restraining respondents from re-detaining petitioner without notice and a pre-detention hearing where respondents will have the burden to demonstrate, by clear and convincing evidence, that petitioner is a flight risk or danger to the community. ECF No. 14 at 2. Respondents acknowledged "the court did not make an affirmative endorsement of the Government's interpretation of Section 1225 and that this Court has rejected similar arguments in cases involving other aliens detained under § 1225(b)(1)," but nevertheless maintained that petitioner is subject to mandatory detention. ECF No. 15 at 1-2.

In January 2026, the parties consented to the undersigned conducting all further proceedings in this case, and the action was reassigned. ECF Nos. 16-17. By Minute Order dated September 9, 2026, the undersigned advised the parties that the court would consider all the briefing in the record to rule directly on the habeas petition at the same time as the pending motion for preliminary injunction. ECF No. 19. Respondents were directed to

> file a response to the petition, which shall substantively address whether there are any factual or legal issues that materially distinguish this case from Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026) and the court's prior orders in Villasana v. Warden, Central Valley Annex, No. 1:26-cv-5118 DAD CKD, 2026 WL 1973917 (E.D. Cal. July 8, 2026); Viera Herrera v. Warden California City Corr. Ctr., No. 1:26-cv-3646 DAD CKD, 2026 WL 1362965 (E.D. Cal. May 15, 2026), Galdamez v. Warden, No. 1:26-cv-01828-DAD-CKD, 2026 WL 688921 (E.D. Cal. Mar. 11, 2026), and other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable. The court will construe failure to distinguish the above cited cases as a concession that the cases are not substantively distinguishable.

Id. Petitioner's reply, if any, was due within 3 days of being served a copy of the respondents' response. Id.

On September 14, 2026, respondents submitted a one-page response "contending that the

issues here are not materially distinguishable from Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026) and the Court's prior orders." Id. at 1. Moreover, "Respondents contend detention authority for the petitioner is under Section 1226(a) and ask the Court to detain on that basis." Id. (citing Bostock, 183 F.4th at 1165.) Respondents attached two form I-213s for each of his immigration encounters, his Form I-220A, and Form I-286. ECF Nos. 20-1-4. Petitioner submitted a reply on September 17, 2026, arguing that the discretionary detention authority in section 1226(a) does not authorize re-detention in disregard of the pre-deprivation protections required by the Court's TRO order. ECF No. 21 (citing *Viera Herrera v. Warden California City Corr. Ctr.*, No. 1:26-cv-3646-DAD-CKD, 2026 WL 1362965 at * 1-2 (E.D. Cal. May 15, 2026)).

## II. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

## III. Discussion

Respondents present no factual or legal issues that materially distinguish this case from the Ninth Circuit's decision in Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026), or the court's prior orders in Villasana v. Warden, Central Valley Annex, No. 1:26-cv-5118 DAD CKD, 2026 WL 1973917 (E.D. Cal. July 8, 2026); Viera Herrera v. Warden California City Corr. Ctr., No. 1:26-cv-3646 DAD CKD, 2026 WL 1362965 (E.D. Cal. May 15, 2026), Galdamez v. Warden, No. 1:26-cv-01828 DAD CKD, 2026 WL 688921 (E.D. Cal. Mar. 11, 2026), or any other similar cases previously decided by this court. Considering the facts of this case and respondents' concession that it is not materially distinguishable, the undersigned adopts and incorporates by reference the reasoning of Bostock, Villasana, Viera Herrera, and Galdamez, and finds that petitioner's procedural due process rights were violated by his re-detention without a

hearing before a neutral adjudicator at which the government was required to justify his re-detention by clear and convincing evidence. The court also agrees with petitioner that the discretionary detention authority of § 1226(a) does not authorize re-detention of petitioner or warrant different relief than previously ordered by Judge Drozd. ECF No. 21 at 2. The undersigned therefore adopts and incorporates the reasoning of Judge Drozd's November 21, 2025 Order (ECF No. 11), including his analysis of the Mathews factors and his conclusion that release from confinement is the appropriate relief, as if separately set forth herein. Petitioner's habeas petition is therefore granted based on the violation of his Fifth Amendment right to due process.

In addition, Judge Drozd previously found that because petitioner had a liberty interest in his continued release regardless of the applicable detention scheme, the court did not need to determine whether section 1225 or section 1226 governed petitioner's detention at that time. ECF No. 11 at 6. The court and parties now have the benefit of new Ninth Circuit precedent resolving this issue. The undersigned finds that petitioner's detention is governed by 8 U.S.C. § 1226(a), not § 1225(b)(2), and that his detention under § 1225(b)(2) without a bond hearing also violated his rights under the INA. See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165, 1193 (9th Cir. 2026) (noncitizens present without admission who are apprehended in the interior of the United States are subject to discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A), and are entitled to a bond hearing). The undersigned therefore grants the petition as to petitioner's INA claim as well as his procedural due process claim.

The appropriate remedy for these violations includes permanently enjoining respondents from re-detaining petitioner absent notice and a pre-detention hearing before an immigration judge at which respondents will bear the burden of demonstrating a change in circumstances that justifies such detention. Ramirez Godinez v. Warden of the California City Detention Facility, No. 1:26-cv-5584 DC AC, 2026 WL 2455251, at *5 (E.D. Cal. Aug. 21, 2026), report and recommendations adopted, 2026 WL 2494928 (E.D. Cal. Aug. 25, 2026) (recommending a permanent injunction based on a finding that respondents violated the noncitizen's due process rights in detaining him and collecting cases); Mayen v. Warden, California City Detention Center,

No. 1:26-cv-2354 DAD AC, 2026 WL 1067525 (E.D. Cal. Apr. 20, 2026), report and recommendations adopted, 2026 WL 1158217 (Apr. 29, 2026) (recommending a permanent injunction be entered based on a finding that petitioner was detained in violation of the INA). Accordingly, the temporary injunctive relief previously granted shall be made permanent. Because injunctive relief is being provided as a remedy for the violation of petitioner's rights, the motion for a preliminary is moot.

CONCLUSION

Accordingly, IT IS HEREBY ORDERD that:

1. The petition for writ of habeas corpus (ECF No. 1) is GRANTED on petitioner's Fifth Amendment procedural due process claim and the Immigration and Nationality Act ("INA") claim;
2. The court DECLARES that petitioner's re-detention in September 2025 violated petitioner's rights under the Fifth Amendment Due Process Clause and the INA;
3. Respondents are PERMANENTY ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden to demonstrate that petitioner is a danger to the community or a flight risk;
4. The court DISMISS WITHOUT PREJUDICE the remaining claims in the § 2241 petition, if any, in the interests of judicial economy since the requested relief has been granted; and
5. The Clerk of the Court is directed to enter judgment in favor of petitioner and close this case.

DATED: September 21, 2026

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE